IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ANTHONY BRYAN McDANIEL,

      Plaintiff,

vs.                                      CASE NO. 5:10-CV-205

CITY OF PORT ST. JOE, a Florida
Municipality, HON. JOE NUGENT,
in his official capacity as Sheriff of
Gulf County and individually; and
TROY SIMMONS, CHRIS SHEARER,
LARRY HIGHTOWER, JAKE RICHARDS,
RICKY TOLBERT, BOBBY PLAIR,
JEROME WILLIAMS and JAMES JENSEN,
in their individual capacities,

      Defendants.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES
**(Defendant Bobby Plair)**

COMES NOW, Defendant Bobby Plair, by and through his undersigned attorney, and hereby files this his Answer and Affirmative Defenses to the Complaint. More specifically, Defendant Plair avers as follows:

### INTRODUCTION

1.     Paragraph 1 is denied.

2.     Paragraph 2 is denied.

3.     Paragraph 3 is denied.

4.     Paragraph 4 is denied.

5.     Paragraph 5 is denied.

## JURISDICTION

6. Paragraph 6 is admitted for jurisdictional purposes only.

7. Paragraph 7 is admitted for jurisdictional purposes only.

8. Paragraph 8 is admitted for jurisdictional purposes only.

9. Paragraph 9 is admitted.

10. Paragraph 10 is denied.

## PARTIES

11. Paragraph 11 is admitted.

12. Paragraph 12 is admitted.

13. Paragraph 13 is admitted.

14. Paragraph 14 is admitted.

15. Paragraph 15 is denied.

16. Paragraph 16 is denied.

17. Paragraph 17 is denied.

18. Paragraph 18 is denied.

19. Paragraph 19 is denied.

20. Paragraph 20 is denied.

21. Paragraph 21 is denied.

## COMMON ALLEGATIONS OF FACT

22. Paragraph 22 is denied.

23. Paragraph 23 is denied.

24. Paragraph 24 is denied.

25. Paragraph 25 is denied.

26. Paragraph 26 is denied.

27. Paragraph 27 is denied.

28. Paragraph 28 is denied.

29. Paragraph 29 is denied.

30. Paragraph 30 is denied.

31. Defendant is without knowledge concerning the allegations as contained to paragraph 31. Accordingly, they are denied.

32. Paragraph 32 is denied.

33. Paragraph 33 is denied.

34. Paragraph 34 is denied.

35. Paragraph 35 is denied.

36. Paragraph 36 is denied.

37. Paragraph 37 is denied.

38. Paragraph 38 is denied.

39. Paragraph 39 is denied.

40. Paragraph 40 is denied.

41. Paragraph 41 is denied.

42. Paragraph 42 is admitted.

43. Paragraph 43 is denied.

44. Paragraph 44 is denied.

45. Paragraph 45 is denied.

46. Paragraph 46 is denied.

47. Paragraph 47 is denied.

48. Paragraph 48 is denied.

49. Paragraph 49 is denied.

50. Paragraph 50 is denied.

51. Paragraph 51 is admitted.

52. Paragraph 52 is denied.

53. Paragraph 53 is admitted.

54. Paragraph 54 is denied.

55. Paragraph 55 is admitted.

56. Paragraph 56 is denied.

57. Paragraph 57 is denied.

58. Paragraph 58 is denied.

59. Paragraph 59 is denied.

60. Paragraph 60 is denied.

61. Paragraph 61 is denied.

62. Paragraph 62 is denied.

## CAUSES OF ACTION

### COUNT I - UNLAWFUL SEARCH AND SEIZURE - TITLE 42 U.S.C. §1983

63. Paragraph 63 incorporates prior allegations. Prior responses are incorporated as well as if fully set forth herein.

64. Paragraph 64 is denied.

65. Paragraph 65 is denied.

66. Paragraph 66 is denied.

67. Paragraph 67 is denied.

## COUNT II - EXCESSIVE FORCE - TITLE 42 U.S.C. §1983

68. Paragraph 68 incorporates prior allegations. Prior responses are incorporated as well as if fully set forth herein.

69. Paragraph 69 is denied.

70. Paragraph 70 is denied.

71. Paragraph 71 is denied.

## COUNT III - VIOLATION OF BODILY INTREGATORY - TITLE 42 U.S.C. §1983

72. Paragraph 72 incorporate prior allegations. Prior responses are incorporated as well as if fully set forth herein.

73. Paragraph 73 is denied.

74. Paragraph 74 is denied.

75. Paragraph 75 is denied.

76. Paragraph 76 is denied.

77. Paragraph 77 is denied.

78. Paragraph 78 is denied.

79. Paragraph 79 is denied.

80. Paragraph 80 is denied.

## COUNT IV - WRONGFUL ACTS UNDER STATE LAW

81-87. Defendant Plair is not a party defendant to Count IV. Accordingly, he does not respond to the allegations as contained therein. To the extent that the allegations can be construed as having application to causes of action against Defendant Plair, they are specifically denied.

## COUNT V - COMMON LAW NEGLIGENCE

88-92. Defendant Plair is not a party defendant to Count V. Accordingly, he does not respond to the allegations as contained therein. To the extent that the allegations can be construed as having application to causes of action against Defendant Plair, they are specifically denied.

## COUNT VI - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

93-96. Defendant Plair is not a party defendant to Count VI. Accordingly, he does not respond to the allegations as contained therein. To the extent that the allegations can be construed as having application to causes of action against Defendant Plair, they are specifically denied.

## *AFFIRMATIVE DEFENSES*

### *FIRST AFFIRMATIVE DEFENSE*

As a First Affirmative Defense, Defendant Plair at no time acted in a manner which was contrary to clearly established law which a reasonable officer would be expected to know and apply under the circumstances. Accordingly, Plair enjoys qualified immunity from suit.

### *SECOND AFFIRMATIVE DEFENSE*

As a Second and separate Affirmative Defense, the arrest and detention of the Plaintiff was based upon probable cause as a matter of fact.

### *THIRD AFFIRMATIVE DEFENSE*

As a Third and separate Affirmative Defense, any arrest and detention of the Plaintiff was based upon probable cause as a matter of law.

### *FOURTH AFFIRMATIVE DEFENSE*

As a Fourth and separate Affirmative Defense, specifically directed to Count III of the Complaint, the Complaint fails to state a separately and independently actionable claim.

### *FIFTH AFFIRMATIVE DEFENSE*

As a Fifth and separate Affirmative Defense, the Defendant is not a proper party defendant in that his actions reflected, at worse, mere negligence, and as such, he is not a proper party defendant pursuant to Florida Statutes Section 769.28(9).

### *SIXTH AFFIRMATIVE DEFENSE*

As a Sixth and separate Affirmative Defense, the Defendant was not in a position to anticipate and prevent any wrongful actions that may have been performed by other defendants.

### *SEVENTH AFFIRMATIVE DEFENSE*

As a Seventh and separate Affirmative Defense, any arrest and force attendant to that arrest was reasonable and privileged, and for the purpose of accomplishing either self-defense, the defense of others, or for the purpose of accomplishing lawful objections.

**WHEREFORE**, having fully answered the Complaint, Defendant Plair invokes his right to trial by jury.

Respectfully submitted,

_____
JOHN W. JOLLY, JR.
Florida Bar No.:291961
JOLLY & PETERSON, P.A.
Post Office Box 37400
Tallahassee, Florida 32315
Tel:   (850) 422-0282
Fax:   (850) 422-1913

*Counsel for Defendant Plair*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished to James V. Cook, Law Office of James Cook, Post Office Box 10021, Tallahassee, Florida 32302, via U.S. Mail, this ___ day of December, 2010.

JOHN W. JOLLY, JR.